# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| In re MoneyGram International, Inc. Securities Litigation | ) ) ) ) ) ) ) ) ) ) | Consolidated Case No.: Civ. No. 08-883 (DSD/JJG) |

## MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' ANSWERS TO LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION AND INTERROGATORIES TO DEFENDANTS

## I. **Summary of Motion and Argument**

Through Lead Plaintiff's First Set of Requests for Admission and Interrogatories, Lead Plaintiff Oklahoma Teachers Retirement System ("OTRS") propounded eighteen (18) requests for admissions and thirteen (13) interrogatories. These discovery requests were specifically tailored to issues, both issues of fact and the application of law to fact, directly relevant to the contested issue of class certification. OTRS propounded this discovery to narrow the class certification issues, to facilitate the presentation of class certification to the Court and to identify the class certification issues Defendants genuinely disputed.

With limited exception, Defendants objected to the requests for admission on the same basis: that the requests were improper and required no response because they sought "affirmation of a legal conclusion and/or a legal determination within the sole province of the court." Similarly, and with limited exception, Defendants objected to the interrogatories on the same basis: that the interrogatories related to improper requests for admission, "which seeks a legal conclusion and/or a legal determination within the sole province of the court."

As will be demonstrated below, Defendants' objections to OTRS' discovery requests and refusal to answer OTRS' interrogatories is inappropriate, violates the directives of Rules 33 and 36, and emasculates the provisions of Rule 36. Accordingly, OTRS respectfully requests that the Court overrule Defendants' objections to Requests for Admission Nos. 2-13 & 15-18, and Defendants' answers and objections to Interrogatories Nos. 1-13. OTRS further requests that the Court order Defendants to

provide full and complete answers to Interrogatories Nos. 1-13.

## II. The Discovery in Dispute

In compliance with Rule 37.2 of the Local Rules of the United States District Court for the District of Minnesota, Lead Plaintiff Oklahoma Teachers Retirement System ("OTRS") states that the discovery in dispute is:

> Defendants' objections and answers to Requests for Admission Nos. 2-13 & 15-18, and Defendants' answers and objections to Interrogatories Nos. 1-13.

*See* Defendants' Answers to Lead Plaintiff's First Set of Requests for Admission and Interrogatories to Defendants (Exhibit A to Declaration of Bradley E. Beckworth), which is the actual discovery document that is the subject of the instant motion.   D. MINN. LR 37.2.

For the Court's convenience, the substance of the discovery requests at issue is as follows:

| No. | Substance of Admission Request | No. | Substance of Interrogatory |
|---|---|---|---|
| 2 | The Proposed Class is so numerous that joinder of all Class Members would be impracticable. | | |
| 3 | There is at least one question of law common to the Proposed Class. | | |
| 4 | There is at least one question of fact common to the Proposed Class. | | |
| 5 | Whether the federal securities laws were violated by Defendants' acts as alleged in Lead Plaintiff's Complaint is a question of law or fact common to the Proposed Class. | 1 | If denied, the basis for Defendants' contention that whether the federal securities laws were violated by Defendants' acts as alleged in Lead Plaintiff's Complaint is not a question of law or fact common to the Proposed Class. |

3

| 6 | Whether statements made by Defendants to the investing public during the Class Period misrepresented and/or omitted material facts is a question of law or fact common to the Proposed Class. | 2 | If denied, the basis for Defendants' contention that whether statements made by Defendants to the investing public during the Class Period misrepresented and/or omitted material facts is not a question of law or fact common to the Proposed Class. |
|---|---|---|---|
| 7 | Whether the price of MoneyGram's publicly traded securities was artificially inflated during the Class Period is a question of law or fact common to the Proposed Class. | 3 | If denied, the basis for Defendants' contention that whether the price of MoneyGram's publicly traded securities was artificially inflated during the Class Period is not a question of law or fact common to the Proposed Class. |
| 8 | That to what extent the members of the Proposed Class have sustained damages is a question of law or fact common to the Proposed Class. | 4 | If denied, the basis for Defendants' contention that to what extent the members of the Proposed Class have sustained damages is not a question of law or fact common to the Proposed Class. |
| 9 | The proper measure of damages is a question of law or fact common to the Proposed Class. | 5 | If denied, the basis for Defendants' contention that the proper measure of damages is a question of law or fact common to the Proposed Class. |
| 10 | The claims or defenses of Lead Plaintiff are typical of the claims or defenses of the Proposed Class. | 6 | If denied, the basis for Defendants' contention that the claims or defenses of Lead Plaintiff are not typical of the claims or defenses of the Proposed Class. |
| 11 | Lead Plaintiff will fairly and adequately protect the interests of the Proposed Class. | 7 | If denied, the basis for Defendants' contention that Lead Plaintiff will not fairly and adequately protect the interests of the Proposed Class. |
| 12 | Lead Plaintiffs' Counsel is qualified, experienced, and able to conduct this | 8 | If denied, the basis for Defendants' contention that Lead Plaintiffs' |

| | litigation. | | Counsel is not qualified, experienced, and able to conduct this litigation. |
|---|---|---|---|
| 13 | The questions of law or fact common to the members of the Proposed Class predominate over any questions affecting only individual members of the Proposed Class. | 9 | If denied, the basis for Defendants' contention that questions of law or fact common to the members of the Proposed Class do not predominate over any questions affecting only individual members of the Proposed Class. |
| 15 | The statements identified in paragraphs 109-11; 118; 123; 136-137; 142; 145; 161-162; 173; 192-193; 212-214; 231-241; 257; 262; and 269-270 of Lead Plaintiff's Complaint contain material misrepresentations or omissions. | 10 | If denied, the basis for Defendants' contention that the statements identified in paragraphs 109-11; 118; 123; 136-137; 142; 145; 161-162; 173; 192-193; 212-214; 231-241; 257; 262; and 269-270 of Lead Plaintiff's Complaint do not contain material misrepresentations or omissions. |
| 16 | That MoneyGram's publicly traded securities were actively traded in an efficient market on the New York Stock Exchange during the Class Period. | 11 | If denied, the basis for Defendants' contention that MoneyGram's publicly traded securities were not actively traded in an efficient market on the New York Stock Exchange during the Class Period. |
| 17 | Lead Plaintiff is entitled to a presumption of reliance under the fraud on the market doctrine, first set forth in *Basic v. Levinson*, 485 U.S. 224 (1998). | 12 | If denied, the basis for Defendants' contention that Lead Plaintiff is not entitled to a presumption of reliance under the fraud on the market doctrine, first set forth in *Basic v. Levinson*, 485 U.S. 224 (1998). |
| 18 | A class action is superior to other available methods for the fair and efficient adjudication of the claims and/or defenses at issue in this litigation. | 13 | If denied, the basis for Defendants' contention that a class action is not superior to other available methods for the fair and efficient adjudication of the claims and/or defenses at issue in this litigation. |

In response, Defendants provided the identical objection and/or answer subject to objection to each request for admission and each interrogatory:

> **Response to Requests for Admission**: Defendants object to the request in [sic] improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court. To the extent a response is required: denied.

> **Response to Interrogatories**: Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.

As demonstrated below, Defendants' objections are improper and do not constitute valid objections.

## III. Argument

### A.   The Purpose and Scope of Requests for Admissions

"'The quintessential function of Requests for Admissions is to allow the narrowing of issues, to permit facilitation in presenting cases to the fact finder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute.'" *Xcel Energy, Inc. v. United States*, 237 F.R.D. 416, 420 (D. Minn. 2006) (citation omitted); *see also Schwartz Pharma, Inc. v. Paddock Laboratories, Inc.*, 429 F. Supp. 2d 1116, 1129 (D. Minn. 1997) ("The Advisory Committee Notes to Rule 36 state '[r]ule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'"). As such, Requests for Admission "serve an integral part of the Pretrial process by focusing the contested aspects of the litigation." *Xcel Energy, Inc.*, 237 F.R.D. at 421.

To facilitate that function, the Federal Rules of Civil Procedure provide a broad scope of discovery, permitting the parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" FED. R. CIV. P. 26(b)(1). Rules 36 incorporates, and is governed by, the scope of discovery contained in Rule 26(b)(1).

Specifically, Rule 36 permits a party to serve on any other party "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1)" relating to (i) facts, (ii) the application of law to fact, or (iii) opinions about either. *Id.* at 36(a)(1)(A).

There can be no dispute that each of OTRS' requests for admission is directly relevant to OTRS' class action and presumed reliance allegations, as well as Defendants defenses, if any, to those allegations. *See* Consolidated Class Action Complaint (Dkt. No. 70) at §§ 525-33; Answer to Consolidated Complaint (Dkt. 94) at §§ 525-33.

**B.      Admissions Requiring the Application of Law to Fact are Expressly Authorized**

Rule 36 expressly authorizes requests that the opposing party admit the truth of any relevant matter relating to the application of law to fact. FED. R. CIV. P. 36(a)(1)(A). Indeed, the Advisory Committee Notes accompanying the 1970 amendment to Rule 36 make clear that "t[h]is change resolves conflicts in the court decisions as to whether a request to admit matters of 'opinion' and matters involving 'mixed questions of law and fact' is proper under the rule." FED. R. CIV. P. 36 advisory committee's note.

Unlike requests that seek admissions of "mixed questions of law and fact" or the application of law to fact, requests seeking admissions on questions of law are inappropriate. *See Lakehead Pipe Line Co., Inc. v. Am. Home Assurance Co.*,177 F.R.D.

454,458 (D. Minn. 1997).  "Accordingly, a request for admission which involves a pure

matter of law, that is, requests for admissions of law which are [un]related[1] to the facts of

the case, are considered to be inappropriate.  Instead, 'the purpose of [Rule 36(a)] is to

expedite trial by eliminating the necessity of proving undisputed and peripheral issues.'"

*Id.* (citations omitted).

The primary authority relied upon by the *Lakehead Pipe* court, *Reliance Insurance*

*Company v. Marathon LeTourneau Company*, 152 F.R.D. 524 (S.D. W.Va. 1994), makes

the point clear:

> Preliminarily, the Court notes that, in a number of its responses, defendant
> has stated that the request could not 'be answered because this is an issue
> for the jury to decide.'  The Court, however, finds no sanction for such a
> response in the language of Rule 36 or in the Note of the Advisory
> Committee accompanying the Rule.  A ruling by this Court that a request
> for admission was improper because it involved issues for decision by the
> jury could, of course, implicate almost any request for admission and
> would, in effect, emasculate the provisions of Rule 36.
>
>                       \* \* \*
>
> Avoidance of the requirements of the Rule by responding that a request for
> admission involves an issue for the jury to decide, however, fails to satisfy
> the criteria for answers, objections or qualified responses contemplated by
> Rule 36.

*Id.* at 525 (footnotes omitted).

### C.   Contention Interrogatories Seeking the Basis for Denying a Request for Admission are Appropriate

---

[1] The *Lakehead Pipe* opinion contains the word "related" as opposed to "unrelated."  This clearly is a typographical error or oversight.  The cases *Lakehead Pipe* relies on for the quoted proposition use the word "unrelated."  *See, e.g., Reliance Ins. Co. v. Marathon LeTourneau Co.*, 152 F.R.D. 524, 525 (S.D. W.Va. 1994) ("A request involving what is termed a 'pure matter of law,' *i.e.*, requests for admissions of law <u>unrelated</u> to the facts of the case, is considered improper.") (emphasis added)).  Of course, common sense dictates that a question can only be a pure question of law if it is unrelated to the facts of the case.

Similar to a request for admission, an interrogatory "may relate to any matter that may be inquired under Rule 26(b)." FED. R. CIV. P. 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. . . ." *Id.*

**D.     OTRS' Discovery Requests are Appropriate, Defendants' Objections Should be Overruled and Defendants Should Be Order to Fully and Completely Respond to OTRS' Interrogatories**

1.     OTRS' Requests for Admission

OTRS' requests for admission were specifically tailored to issues of fact, and the application of law to fact, directly relevant to the contested issue of class certification. These issues are numerosity, commonality, typicality, adequacy (of the representative and counsel), predominance (including material misrepresentation and omission, efficient market and fraud on the market), and superiority.

It is patent that these class certification issues are "mixed questions of law and fact" and/or require the application of law to fact. For example, Rule 23(a)(1) requires that the class be "so numerous that joinder of all [class] members is impracticable." FED. R. CIV. P. 23(a)(1). The term "impracticable" does not refer to impossibility, but only to difficulty or inconvenience in joining all members of the class. *See, e.g., Jenson v. Continental Financial Corp.*, 404 F. Supp. 806, 809 (D. Minn. 1975). Thus, for this Rule 23 requirement, the numerosity issue is answered by applying the above law to the facts of this case— the number and geographic dispersion of putative class members who purchased or acquired a publicly traded security.

Similarly, Rule 23(b)(3) sets forth the <u>law</u> of superiority—that a class action be superior to other available methods for fairly and efficiently adjudicating the action—and identifies four (4) <u>facts</u> that, in part, control the analysis. FED. R. CIV. P. 23(b)(3)(A-D). Thus, for this Rule 23 requirement, the superiority issue is answered by applying the above law to the facts of this case—the lack of interest by absent class members in individually prosecuting separate action, the lack of other litigation asserting the same claims against the same defendants, the desirability of concentrating litigation in a single forum and the lack of difficulties in managing a class action.

This analysis holds true for each of the other Rule 23 requirements. Indeed, contrary to the apparent proposition presented through Defendants' objections, none of OTRS' requests for admission involve a pure question of law, *i.e.*, requests for admission that are unrelated to the facts of the case.

Moreover, Defendants' objection that these requests for admission are improper because they seek "a legal determination within the sole province of the court" is a legal nullity. As set forth in Section III(B), *supra*, such an objection is improper and would, in effect, emasculate the provisions of Rule 36.

Defendants' final objection, that OTRS' requests for admission "seek affirmation of a legal conclusion," likewise is improper. This Court's analysis in *Lakehead Pipe* demonstrates the frivolity of Defendants' objection. In *Lakehead Pipe*, the defendants propounded 373 requests for admissions. 177 F.R.D. at 457. In response to each request, the plaintiff admitted, denied, responded with qualification, or expressed their inability to substantively respond, as required by Rule 36. *Id.* The defendants found these responses

insufficient and requested the court order supplementation. *Id.* Of relevance here, certain of the defendants' requests for admission sought "to have the Plaintiffs ratify what are, in essence, the legal conclusions that the Defendants have attached to the operative facts of the case." 177 F.R.D. at 458. The court found that the plaintiffs' denial of those requests and refusal to endorse the defendants' legal conclusions was justified. *Id.*

The salient points of *Lakehead Pipe* are two-fold: (1) a request for admission involving the application of law to fact, whether referred to as a "mixed question of law and fact" or a "legal conclusion," is entirely appropriate; and (2) the only proper response is to admit, deny, respond with qualification, or state an inability to substantively respond. Objecting to such a request as improper is not an appropriate option.

Basedf on the foregoing, therefore, OTRS' respectfully requests that the Court overrule Defendants' objections to OTRS' Requests for Admission Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17 and 18, and order Defendants to respond in accordance with the dictates of Rule 36.

    2.    OTRS' Interrogatories

As set forth in Section II, *supra*, OTRS' Interrogatories No. 1-13 request Defendants to provided the basis for their denial of a preceding request for admission. The only objection Defendants raise to these interrogatories is that each "relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court." This objection is improper for two reasons.

11

First, as demonstrated above, the requests for admission to which each interrogatory relates are proper and Defendants' objections to those requests should be overruled. Should the Court overrule those objections, the entire basis for Defendants' refusal to answer will evaporate.

Second, regardless of whether any "related" request for admission is improper, the interrogatories are entirely appropriate. Defendants did, in fact, deny each request for admission at issue, albeit subject to improper objections. Those denials triggered Defendants obligation to respond to each interrogatory. And, Defendants have failed to make any independent objection to any of OTRS' interrogatories. Accordingly, Defendants have provided no basis on which to support their refusal to answer OTRS' interrogatories.

Based, on the foregoing, OTRS' respectfully requests that the Court overrule Defendants' objections to OTRS' Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13, and order Defendants to full and complete answers in accordance with the dictates of Rule 33.

Moreover, OTRS respectfully submits that, for any objection or response the Court deems improper, Defendants should not be allowed to oppose class certification based upon the element of Rule 23(a) or (b) upon which the specific Request or Interrogatory is based. That is, if Defendants refused to articulate a reason why they denied a fact in their Interrogatory answers, they should not be able to lay behind the lick log and offer up a factual basis to oppose the same issue in their Opposition to OTRS'

Motion for Class Certification.   Trial by ambush tactics such as this should not be allowed.

The practical problem caused by Defendants' conduct is perhaps best explained with respect to Requests for Admission Nos. 4 through 9 and Interrogatory Nos. 1 through 5, which correspond directly thereto. Each request seeks an admission that there is at least one question of fact or law common to the Class.   In a securities fraud class action, the presence of a single common issue of fact is axiomatic.   Indeed, where, as here, the alleged misstatements at issue are contained in a statement filed with the Securities and Exchange Commission, the question of whether a fact in the statement was false has to be common to all investors because, quite simply, the misstated fact emanated from a common public statement.   That is why courts routinely hold that the threshold for commonality is very low.   And, that is why Defendants would be hard pressed to find a post PSLRA securities fraud class action where a court found there was not at least one common question of fact.

Yet, here, Defendants objected to every single Request for Admission seeking to establish the presence of common questions of fact.   Subject to those objections, Defendants denied that there is even a single common issue.   Defendants also refused to answer contention interrogatories designed to help OTRS, and the Court, determine why Defendants could not admit this fact.   That is, Defendants denied a fact that cannot be credibly denied and then refused to provide any basis whatsoever regarding why they denied it.

Thus, OTRS had no way to know why Defendants denied this fact or what, specifically, Defendants believe is in dispute. As a result, Defendants' conduct required OTRS to waste time, resources and space in order to prove up an element of Rule 23 that is ever-present and which Defendants may have no basis whatsoever for denying. And, the Court must now wade through an issue that is not credibly in dispute and very rarely is contested.

### IV. Compliance With Rule 37.1 of the Local Rules of the United States District Court for the District of Minnesota

In compliance with Local Rule 37.1, OTRS' certifies that it has in good faith conferred with counsel for Defendants in an effort to resolve the matter without Court action. Those efforts were unsuccessful.

### V. Conclusion

OTRS propounded Lead Plaintiff's First Set of Requests for Admission and Interrogatories to narrow the class certification issues, to facilitate the presentation of class certification to the Court and to identify the class certification issues Defendants genuinely disputed. Defendants' objections to OTRS' discovery requests and refusal to answer OTRS' interrogatories is inappropriate violates the directives of Rules 33 and 36 of the Federal Rules of Civil Procedure, and emasculates the provisions of Rule 36.

Accordingly, OTRS' respectfully requests that the Court overrule Defendants' objections to OTRS' Requests for Admission Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17 and 18, and order Defendants to respond in accordance with the dictates of Rule 36. OTRS' further requests that the Court overrule Defendants' objections to OTRS'

Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13, and order Defendants to full and complete answers in accordance with the dictates of Rule 33.

Dated:  September 8, 2009                    Respectfully Submitted,

**NIX, PATTERSON & ROACH, L.L.P.**

By: _____
    Bradley E. Beckworth
    bbeckworth@nixlawfirm.com
    Jeffrey J. Angelovich
    jangelovich@npraustin.com
    Susan Whatley
    susanwhatley@nixlawfirm.com
    Brad E. Seidel
    bradseidel@nixlawfirm.com
    205 Linda Drive
    Daingerfield, Texas 75638
    (903) 645-7333
    Fax (903) 645-4415

    **LEAD COUNSEL**


    **CHESTNUT & CAMBRONNE, P.A.**
    Karl L. Cambronne, #14321
    kcambronne@chestnutcambronne.com
    Jeffrey D. Bores, #227699
    jbores@chestnutcambronne.com
    Jack L. Chestnut, #16378
    jchestnut@chestnutcambronne.com
    Bryan L. Bleichner, #0326689
    bbleichner@chestnutcambronne.com
    3700 Campbell Mithun Tower
    222 South Ninth Street
    Minneapolis, MN 55402
    (612) 339-7300
    Fax (612) 336-2940

    **COUNSEL**