# EXHIBIT A

**DEFENDANTS' ANSWERS TO LEAD PLAINTIFF'S FIRST SET OF
REQUESTS FOR ADMISSION AND INTERROGTORIES TO DEFENDANTS**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re MoneyGram International, Inc.
Securities Litigation

Civ. No. 08-883 (DSD/JJG)

**DEFENDANTS' ANSWERS TO
LEAD PLAINTIFF'S FIRST SET OF
REQUESTS FOR ADMISSION AND
INTERROGATORIES TO
DEFENDANTS**

TO:    Lead Plaintiffs, and Bradley E. Beckworth, Jeffrey J. Angelovich, Susan Whatley
and Brad E. Seidel, NIX, PATTERSON & ROACH, L.L.P., 205 Linda Drive,
Daingerfield, Texas 75638, and Karl L. Cambronne, Jeffrey D. Bores, Jack L.
Chestnut and Bryan L. Bleichner, CHESTNUT & CAMBRONNE, P.A., 3700
Campbell Mithun Tower, 222 South Ninth Street, Minneapolis, Minnesota 55402,
their Attorneys.

Defendants for their responses to Plaintiff's First Set of Requests for Admission

and Interrogatories state:

## GENERAL OBJECTIONS

1.     The following responses are made without in any way waiving or intending

to waive:

a.     All questions as to competency, relevancy, materiality, privilege and
admissibility as evidence for any purpose, of the responses or subject
matter thereof, in any subsequent proceeding in, or the trial of, this or any
other action.

b.     The right at any time to the use of any of said responses, or their subject
matter, in any subsequent proceeding in this or in any other action;

c.     The right to object on any ground at any time to a demand for further
response to this or any other request for production of documents and
statements or other discovery procedures involving or relating to the subject
matter of this Request for Production of Documents; and,

1

d.    The right at any time to revise, correct, add to, or clarify any of the responses herein.

2.    Defendants object to each and every request to the extent it seeks to discover information protected by work product or privilege, as defined by statute, rule or common law.

3.    Defendants object to the extent any request seeks production of documents not in the custody, possession or control of Defendants.

4.    Defendants object to the extent any request seeks to impose an obligation to respond beyond that required by Federal Rules of Civil Procedure.

5.    Defendants object to the extent any request seeks to discover documents used in preparing these responses on the grounds that such request is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and seeks work product and privileged information or information prepared in anticipation of litigation.

Subject to and without waiver of the foregoing General Objections, Defendants respond and assert specific objections in response to Plaintiffs' First Set of Requests for Admission and Interrogatories:

## ANSWERS TO REQUESTS FOR ADMISSION
## AND INTERROGATORIES

**REQUEST FOR ADMISSION NO. 1:** Admit that the Proposed Class exceeds one hundred (100) persons.

**RESPONSE: Denied.**

**REQUEST FOR ADMISSION NO. 2:** Admit that the Proposed Class is so numerous that joinder of all Class Members would be impracticable.

**RESPONSE:   Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court.  To the extent a response is required: denied.**

**REQUEST FOR ADMISSION NO. 3:** Admit that there is at least one question of law common to the Proposed Class.

**RESPONSE:   Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court.  To the extent a response is required: denied.**

**REQUEST FOR ADMISSION NO. 4:** Admit that there is at least one question of fact common to the Proposed Class.

**RESPONSE: Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court.  To the extent a response is required: denied.**

**REQUEST FOR ADMISSION NO. 5:** Admit that whether the federal securities laws were violated by Defendants' acts as alleged in Lead Plaintiff's Complaint is a question of law or fact common to the Proposed Class.

**RESPONSE: Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court.  To the extent a response is required: denied.**

**INTERROGATORY NO. 1:**     If you deny Request for Admission No. 5, state the basis for your contention that whether the federal securities laws were violated by Defendants' acts as alleged in Lead Plaintiff's Complaint is not a question of law or fact common to the Proposed Class.

**RESPONSE:   Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 6:** Admit that whether statements made by Defendants to the investing public during the Class Period misrepresented and/or omitted material facts is a question of law or fact common to the Proposed Class.

**RESPONSE:   Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion**

3

and/or a legal determination within the sole province of the court. To the extent a response is required: denied.

**INTERROGATORY NO. 2:**    If you deny Request for Admission No. 6, state the basis for your contention that whether statements made by Defendants to the investing public during the Class Period misrepresented and/or omitted material facts is not a question of law or fact common to the Proposed Class.

**RESPONSE:    Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 7:** Admit that whether the price of MoneyGram's publicly traded securities was artificially inflated during the Class Period is a question of law or fact common to the Proposed Class.

**RESPONSE:    Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court. To the extent a response is required: denied.**

**INTERROGATORY NO. 3:**    If you deny Request for Admission No. 7, state the basis for your contention that whether the price of MoneyGram's publicly traded securities was artificially inflated during the Class Period is not a question of law or fact common to the Proposed Class.

**RESPONSE:    Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 8:** Admit that to what extent the members of the Proposed Class have sustained damages is a question of law or fact common to the Proposed Class.

**RESPONSE:    Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court. To the extent a response is required: denied.**

**INTERROGATORY NO. 4:**    If you deny Request for Admission No. 8, state the basis for your contention that to what extent the members of the Proposed Class have sustained damages is not a question of law or fact common to the Proposed Class.

4

**RESPONSE: Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 9:** Admit that the proper measure of damages is a question of law or fact common to the Proposed Class.

**RESPONSE:  Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court.  To the extent a response is required: denied.**

**INTERROGATORY NO. 5:**   If you deny Request for Admission No. 9, state the basis for your contention that the proper measure of damages is not a question of law or fact common to the Proposed Class.

**RESPONSE: Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 10:**  Admit that the claims or defenses of Lead Plaintiff are typical of the claims or defenses of the Proposed Class.

**RESPONSE:  Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court.  To the extent a response is required: denied.**

**INTERROGATORY NO. 6:**   If you deny Request for Admission No. 10, state the basis for your contention that the claims or defenses of Lead Plaintiff are not typical of the claims or defenses of the Proposed Class.

**RESPONSE:  Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 11:**  Admit that Lead Plaintiff will fairly and adequately protect the interests of the Proposed Class.

5

**RESPONSE:** **Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court. To the extent a response is required: denied.**

**INTERROGATORY NO. 7:** If you deny Request for Admission No. 11, state the basis for your contention that Lead Plaintiff will not fairly and adequately protect the interests of the Proposed Class.

**RESPONSE:** **Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 12:** Admit that Lead Plaintiffs' Counsel is qualified, experienced, and able to conduct this litigation.

**RESPONSE:** **Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court. To the extent a response is required: denied.**

**INTERROGATORY NO. 8:** If you deny Request for Admission No. 12, state the basis for your contention that Lead Plaintiffs' Counsel is not qualified, experienced, and able to conduct this litigation.

**RESPONSE:** **Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 13:** Admit that the questions of law or fact common to the members of the Proposed Class predominate over any questions affecting only individual members of the Proposed Class.

**RESPONSE:** **Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court. To the extent a response is required: denied.**

**INTERROGATORY NO. 9:** If you deny Request for Admission No. 13, state the basis for your contention that questions of law or fact common to the members of the Proposed Class do not predominate over any questions affecting only individual members of the Proposed Class.

**RESPONSE:**   **Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 14:**   Admit that the statements identified in paragraphs 109-111; 118; 123; 136-137; 142; 145; 161-162; 173; 192-193; 212-214; 231-241; 257; 263; and 269-270 of Lead Plaintiff's Complaint were publicly disseminated statements.

**RESPONSE:**   **Defendants object to the request as unduly burdensome and as outside the proper scope of rule 36 because it requests that Defendants confirm the accuracy of purported quotations and excerpts included in Plaintiff's complaint. Subject to and without waiving these objections, Defendants admit that all press releases, form 8ks, form 10qs, and form 10ks that are or were available on MoneyGram's website and/or filed with the United States Securities and Exchange Commission and available through the Securities and Exchange Commission's website (www.sec.gov) constituted publicly available information.**

**REQUEST FOR ADMISSION NO. 15:**   Admit that the statements identified in paragraphs 109-111; 118; 123; 136-137; 142; 145; 161-162; 173; 192-193; 212-214; 231-241; 257; 262; and 269-270 of Lead Plaintiff's Complaint contain material misrepresentations or omissions.

**RESPONSE:**   **Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court.  To the extent a response is required: denied.**

**INTERROGATORY NO. 10:**   If you deny Request for Admission No. 15, state the basis for your contention that the statements identified in paragraphs 109-111; 118; 123; 136-137; 142; 145; 161-162; 173; 192-193; 212-214; 231-241; 257; 262; and 269-270 of Lead Plaintiff's Complaint do not contain material misrepresentations or omissions.

**RESPONSE:**   **Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 16:**   Admit that MoneyGram's publicly traded securities were actively traded in an efficient market on the New York Stock Exchange during the Class Period.

**RESPONSE:**   **Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion**

and/or a legal determination within the sole province of the court. To the extent a response is required: denied.

**INTERROGATORY NO. 11:** If you deny Request for Admission No. 16, state the basis for your contention that MoneyGram's publicly traded securities were not actively traded in an efficient market on the New York Stock Exchange during the Class Period.

**RESPONSE:** **Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 17:** Admit that Lead Plaintiff is entitled to a presumption of reliance under the fraud on the market doctrine, first set forth in *Basic v. Levinson*, 485 U.S. 224 (1988).

**RESPONSE:** **Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court. To the extent a response is required: denied.**

**INTERROGATORY NO. 12:** If you deny Request for Admission No. 17, state the basis for your contention that Lead Plaintiff is not entitled to a presumption of reliance under the fraud on the market doctrine, first set forth in *Basic v. Levinson*, 485 U.S. 224 (1988).

**RESPONSE:** **Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 18:** Admit that a class action is superior to other available methods for the fair and efficient adjudication of the claims and/or defenses at issue in this litigation.

**RESPONSE:** **Defendants object to the request in improper and requires no response under Fed. R. Civ. P. 36 because it seeks affirmation of a legal conclusion and/or a legal determination within the sole province of the court. To the extent a response is required: denied.**

**INTERROGATORY NO. 13:** If you deny Request for Admission No. 18, state the basis for your contention that a class action is not superior to other available methods for the fair and efficient adjudication of the claims and/or defense at issue in this litigation.

8

**RESPONSE:   Defendants object to the interrogatory in that it relates to an improper Request for Admission, which seeks a legal conclusion and/or a legal determination within the sole province of the court.**

**REQUEST FOR ADMISSION NO. 19:** Admit that no private causes of action have been filed against Defendants asserting the same claims as those asserted in Lead Plaintiffs' Complaint in paragraphs 537 through 562. If you deny this Request, please identify any other such action(s).

**RESPONSE: Admitted.**

Dated:  July 29, 2009                    **OPPENHEIMER WOLFF & DONNELLY LLP**


By:  S/ Bret A. Puls
       Michael Bleck (#0008862)
       Bret A. Puls  (#305157)
Plaza VII Building, Suite 3300
45 South Seventh Street
Minneapolis, Minnesota 55402-1609
Telephone:(612) 607-7000
Facsimile: (612) 607-7100

**ATTORNEYS FOR DEFENDANTS**