# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Delilah Morrison and Sherri Arguello, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MoneyGram International, Inc., Philip W. Milne, Jess T. Hay, Linda Johnson Rice, Albert M. Teplin, Timothy R. Wallace, Monte E. Ford, Judith K. Hofer, Robert C. Krueger, Donald E. Kiernan, Douglas L. Rock, Othón Ruiz Montemayor, David J. Parrin, Anthony P. Ryan, The MoneyGram International, Inc. Pension and 401(k) Committee, and John Does 1-20,<br><br>Defendants. | Civil File No. 08-cv-01121-PJS-JJG |
| In re MoneyGram International, Inc. Securities Litigation | Consolidated Case No.:  08-883 (DSD/JJG) |

## STIPULATION REGARDING DISCOVERY

IT IS HEREBY STIPULATED, by and between the parties to the above actions, through their counsel of record, as follows:

1. Parties to the above action styled *Delilah Morrison and Sherri Arguello, on Behalf of Themselves and All Others Similarly Situated v. MoneyGram International,*

*Inc., et al.*, (the "ERISA Action") and the parties to the above action styled *In Re MoneyGram International, Inc. Securities Litigation*, (the "Securities Action"), may gain access through discovery requests in their respective cases to deposition transcripts and documents produced in the other case. Subject to paragraph 4 below, all transcripts of depositions noted in both cases as set forth in paragraph 3(b) below, and all documents used in said depositions, are freely available to all counsel without further request. Defendants reserve their rights to review and object to such requests and do not concede that all discovery in the Securities Action and ERISA Action is subject to discovery in the other.  Should Defendants object to producing documents, transcripts and other information in one matter that was produced in the other, they shall identify such information that they produced in the other case that they seek to withhold.

    2.    Nothing in the Protective Orders issued in the Securities Action or the ERISA Action shall preclude counsel in either action from discussing documents or transcripts produced pursuant to paragraph 1 of this Stipulation.

    3.    Counsel for the parties in the Securities Action and the ERISA Action shall coordinate depositions of witnesses reasonably expected to have information relevant to both cases.  Absent agreement of the parties or Order of this Court, such witnesses may only be deposed once as set forth below:

        a.    Counsel for parties in the Securities Action will take the lead in noticing the depositions of witnesses who are reasonably expected to possess information relevant to both actions.  If counsel for parties in the ERISA Action wish to notice the deposition of a witness noticed in the Securities Action as well,

they shall notice the deposition under the caption of the ERISA Action. Counsel for all parties shall reasonably cooperate in the scheduling of depositions that may pertain to both cases.

      b.      If counsel for parties from both cases notice and attend a witness's deposition, the deposition will be limited to a maximum of ten (10) hours, with neither of the noticing parties deposing the witness for more than seven (7) hours, unless extended by Court order or by agreement of the parties. Such depositions will proceed under the captions of both cases.

      c.      If counsel for a party from only one of the cases notices a witness's deposition, the deposition will be limited to a maximum of seven (7) hours unless extended by Court order or by agreement of the parties. Such depositions will proceed only under the caption of the case in which it was noticed, with its use in the other case governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

      d.      Depositions noticed under the caption of the Securities Action, including depositions noticed under the captions of both cases, shall count toward the limit of thirty (30) depositions per side in the Securities Action. Depositions taken only under the caption of the ERISA Action (and not the Securities Action) shall count toward the limit of ten (10) depositions in the ERISA Action.

4.      Nothing herein shall preclude any party from moving for modification of this Stipulated Order, including with respect to paragraph 3(c) insofar as the deposition is

expected to involve documents, marked Confidential pursuant to a Protective Order, that are produced in one case but not the other.

5. Subject to paragraph 4 above, Plaintiffs' counsel in both cases may freely communicate with each other about the substance of anticipated testimony from witnesses and may share the documents produced in both actions as set forth in paragraph 1 which counsel intends to use.

Dated:  September 14, 2009                     PERRY & PERRY, PLLP


                                                By     s/ Shawn M. Perry
                                                       Shawn M. Perry
                                                       shawn.perry@pppllp.com
                                                5401 Gamble Drive, Suite 270
                                                Minneapolis, MN 55416
                                                Telephone:  (952) 546-3555

                                                GAINEY & MCKENNA
                                                       Thomas J. McKenna
                                                       tjmckenna@gaineyandmckenna.com
                                                295 Madison Avenue, 4th Floor
                                                New York, NY  10017
                                                Telephone:  (212) 983-1300

                                                Attorneys for ERISA Action Plaintiffs

Dated:  September 14, 2009                DORSEY & WHITNEY LLP

By     s/ F. Matthew Ralph
          Stephen P. Lucke #0154210
          lucke.steve@dorsey.com
          F. Matthew Ralph #0323202
          ralph.matthew@dorsey.com
          Jessica J. Nelson #0347358
          nelson.jessica@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600

Attorneys for ERISA Action Defendants

Dated:  September 14, 2009                CHESTNUT & CAMBRONNE, P.A.

By     s/ Karl L. Cambronne
          Karl L. Cambronne, #14321
          kcambronne@chestnutcambronne.com
          Jeffrey D. Bores, #227699
          jbores@chestnutcambronne.com
          Jack L. Chestnut, #16378
          jchestnut@chestnutcambronne.com
          Bryan L. Bleichner, #0326689
          bbleichner@chestnutcambronne.com
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN  55402
Telephone:  (612) 339-7300

COUNSEL – SECURITIES ACTION

|  |  |
|---|---|
|  | NIX, PATTERSON & ROACH, L.L.P.<br>　　Bradley E. Beckworth<br>　　bbeckworth@nixlawfirm.com<br>　　Jeffrey J. Angelovich<br>　　jangelovich@npraustin.com<br>　　Susan Whatley<br>　　susanwhatley@nixlawfirm.com<br>　　Brad E. Seidel<br>　　bradseidel@nixlawfirm.com<br>205 Linda Drive<br>Daingerfield, TX  754638<br>Telephone:  (903) 645-7333<br><br>LEAD COUNSEL – SECURITIES ACTION |
| Dated:  September 14, 2009 | OPPENHEIMER WOLFF & DONNELLY LLP<br><br>By    s/ Bret A. Puls<br>　　Michael Bleck #0008862<br>　　mbleck@oppenheimer.com<br>　　Bret A. Puls #305157<br>　　bpuls@oppenheimer.com<br>　　Meghan M. Anzelc #386534<br>　　manzelc@oppenheimer.com<br>45 South Seventh Street, Suite 3300<br>Minneapolis, MN  55402-1609<br>Telephone:  (612) 607-7000<br><br>ATTORNEYS FOR DEFENDANTS – SECURITIES ACTION |