# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| IN RE MONEYGRAM INTERNATIONAL, INC. SECURITIES LITIGATION | Civil No. 08-883 (DSD/JJG)<br><br>(Consolidated Case) |

---

| | |
|---|---|
| Delilah Morrison and Sherri Arguello, on behalf of themselves and all others similarly situated, | Civil No. 08-1121 (PJS/JJG) |
| Plaintiffs, | |
| v. | **ORDER REGARDING DISCOVERY** |
| MoneyGram International, Inc., Philip W. Milne, Jess T. Hay, Linda Johnson Rice, Albert M. Teplin, Timothy R. Wallace, Monte E. Ford, Judith K. Hofer, Robert C. Krueger, Donald E. Kiernan, Douglas L. Rock, Othón Ruiz Montemayor, David J. Parrin, Anthony P. Ryan, The MoneyGram International, Inc. Pension and 401(k) Committee, and John Does 1-20, | |
| Defendants. | |

---

Having considered the Stipulation Regarding Discovery (Doc. Nos. 117 and 55, respectively) filed by all parties to the above actions, and based upon all documents filed therein and proceedings before the Court,

**IT IS HEREBY ORDERED** that:

1.     Parties to the above-captioned "Securities Action" (Civil No. 08-883 (DSD/JJG)) and "ERISA Action" (Civil No. 08-1121 (PJS/JJG)) may gain access through

discovery requests in their respective cases to deposition transcripts and documents produced in the other case.  Subject to paragraph 4 below, all transcripts of depositions noted in both cases as set forth in paragraph 3(b) below, and all documents used in said depositions, are freely available to all counsel without further request.  Defendants reserve their rights to review and object to such requests and do not concede that all discovery in the Securities Action and ERISA Action is subject to discovery in the other. Should Defendants object to producing documents, transcripts and other information in one matter that was produced in the other, they shall identify such information that they produced in the other case that they seek to withhold.

2.      Nothing in the Protective Orders issued in the Securities Action or the ERISA Action shall preclude counsel in either action from discussing documents or transcripts produced pursuant to paragraph 1 of this Stipulation.

3.      Counsel for the parties in the Securities Action and the ERISA Action shall coordinate depositions of witnesses reasonably expected to have information relevant to both cases.  Absent agreement of the parties or Order of this Court, such witnesses may only be deposed once as set forth below:

a.      Counsel for parties in the Securities Action will take the lead in noticing the depositions of witnesses who are reasonably expected to possess information relevant to both actions.  If counsel for parties in the ERISA Action wish to notice the deposition of a witness noticed in the Securities Action as well, they shall notice the deposition under the caption of the ERISA Action.  Counsel

for all parties shall reasonably cooperate in the scheduling of depositions that may

pertain to both cases.

b.      If counsel for parties from both cases notice and attend a witness's

deposition, the deposition will be limited to a maximum of ten (10) hours, with

neither of the noticing parties deposing the witness for more than seven (7) hours,

unless extended by Court order or by agreement of the parties.  Such depositions

will proceed under the captions of both cases.

c.      If counsel for a party from only one of the cases notices a witness's

deposition, the deposition will be limited to a maximum of seven (7) hours unless

extended by Court order or by agreement of the parties.  Such depositions will

proceed only under the caption of the case in which it was noticed, with its use in

the other case governed by the Federal Rules of Civil Procedure and the Federal

Rules of Evidence.

d.      Depositions noticed under the caption of the Securities Action,

including depositions noticed under the captions of both cases, shall count toward

the limit of thirty (30) depositions per side in the Securities Action.  Depositions

taken only under the caption of the ERISA Action (and not the Securities Action)

shall count toward the limit of ten (10) depositions in the ERISA Action.

4.      Nothing herein shall preclude any party from moving for modification of

this Order, including with respect to paragraph 3(c) insofar as the deposition is expected

to involve documents, marked Confidential pursuant to a Protective Order, that are

produced in one case but not the other.

5.      Subject to paragraph 4 above, Plaintiffs' counsel in both cases may freely communicate with each other about the substance of anticipated testimony from witnesses and may share the documents produced in both actions as set forth in paragraph 1 which counsel intends to use.


Date:  September 15, 2009          _s/ *Jeanne J. Graham*_____
                                   JEANNE J. GRAHAM
                                   United States Magistrate Judge