**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re MoneyGram International, Inc. Securities Litigation

Civ. No. 08-883 (DSD/JJG)

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION AND INTERROGATORIES**

**INTRODUCTION**

Plaintiff Oklahoma Teachers Retirement System ("OTRS") served improper requests for admission and now moves to compel Defendants[1] to admit or deny conclusions of law that the Court will ultimately decide under Federal Rule of Civil Procedure 23(a) and 23(b) on OTRS's motion for class certification. OTRS further seeks to compel responses to interrogatories that constitute an improper inquiry into the legal argument that MoneyGram will provide in its memorandum of law in opposition to OTRS's class certification motion.

Therefore, the Court should deny OTRS's motion to compel because: (1) the requests for admissions are patently improper, and as a result, MoneyGram made appropriate objections to the requests that sought admission of legal conclusions; (2) subject to its appropriate objections, MoneyGram provided an appropriate response under

---

[1] Defendants are collectively referred to herein as "MoneyGram" simply for ease of reference.

Federal Rule of Civil Procedure 36 for each request; and (3) MoneyGram is not obligated to respond to interrogatories based on improper requests for admission which seek legal conclusions, nor can it be required to present the legal arguments that will be provided in its memorandum of law in opposition to class certification.

## BACKGROUND

OTRS's Consolidated Class Action Complaint was filed as a putative class action. (ECF Doc. No. 70). As such, OTRS bears a burden to prove—through briefing that is yet to be fully submitted and oral argument that will take place months from now—that it has met each of the six requirements under Rule 23(a) and (b): (1) numerosity; (2) commonality; (3) typicality; (4) adequacy of representation; (5) predominance of common issues; and (6) superiority. *See In re GenesisIntermedia, Inc. Sec. Litig.*, 232 F.R.D. 321, 334 (D. Minn. 2005); Fed.R.Civ.P. 23(a), (b)(3).

OTRS filed a memorandum of law on August 21, 2009, setting forth its arguments under each of the requirements of Rule 23 and why it believes this action should be certified as a class action. (ECF Doc. No. 106.) MoneyGram will, in turn, file an opposition to that motion, and once the matter is fully briefed, the Court will hear and decide the issue of class certification.

Notwithstanding that the Federal Rules and the Court's Scheduling Order provide for ample briefing, including submission of affidavits and even an evidentiary hearing if necessary, Plaintiff served a series of requests for admission demanding that Defendants admit or deny, as a legal conclusion, that each of the six Rule 23(a) and (b) requirements are met. (Cambronne Declaration, Ex. A, Request for Admission Nos. 2–13, 16, 18–19.)

2

Others seek an admission of the ultimate issue in the case (Request for Admission Nos. 14–15), and still others seek an admission that certain case law applies to this matter (Request for Admission No. 17). OTRS then followed many of the requests with an interrogatory seeking a narrative explanation as to why each legal conclusion was denied, if in fact denied. (*Id.*) Even a cursory review of OTRS' requests for admission and interrogatories demonstrate that they seek disclosure of legal argument and conclusions (as opposed to facts or even application of law to facts) that will be presented by Defendants in their memorandum of law in opposition to OTRS's motion for class certification. The Federal Rules and interpretive case law are clear that requests seeking legal conclusions and interrogatories seeking legal argument are inappropriate and objectionable.

## ARGUMENT

**I.   MONEYGRAM'S RESPONSES TO OTRS'S REQUESTS FOR ADMISSION ARE PROPER.**

Federal Rule of Civil Procedure 36(a) provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either . . . .

A proper response to a request for admission is to admit, deny with or without qualification, or to state an inability to respond. *See* Fed. R. Civ. P. 36(a)(4). Rule 36 specifically permits objections. Fed.R.Civ.P. 36(a)(5).

"[R]equests for admission are not to be employed as a means to establish facts which are obviously in dispute or to answer questions of law." *Lakehead Pipe Line Co. v.*

3

*Am. Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997) (internal citation omitted). "Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case." *Williamson v. Corr. Med. Serv.*, No. 06-379, 2009 WL 1364350, at *2 (D. Del. May 14, 2009).[2] "Even though a request may be phrased to appear factual, if it encroaches on legal turf, or reaches the ultimate decision of the court, the request will be seen as seeking a legal conclusion and cannot be compelled." *Phillip M. Adams & Assoc., LLC v. Dell, Inc.*, No. 05-64, 2007 WL 128962, at *2 (D. Utah Jan. 11, 2007).

### A. MoneyGram's Objections to OTRS's Requests for Admission Are Proper.

OTRS argues that its requests for admission simply ask MoneyGram to admit or deny matters related to the application of law to fact. However, OTRS cannot credibly deny that Request for Admission Nos. 2, 3, 4, 10, 13, 17, and 18 seek pure legal conclusions.[3] The requests are entirely unrelated to *any* facts, let alone specific facts in this litigation. The requests improperly seek to have MoneyGram admit the truth of legal conclusions necessary to OTRS's burden of proving each requirement for class certification under Federal Rule of Civil Procedure 23. *See Aventure Comm'cns Tech., LLC v. MCI Comm'cns Servs., Inc.*, No. 07-04095, 2008 WL 4280371, at *1 (N.D. Iowa

---

[2] All unpublished decisions cited herein are attached to the Affidavit of Meghan M. Anzelc as Exhibit A.

[3] Request No. 17 may perhaps be the most blatant example, as it seeks an admission that "Lead Plaintiff is entitled to a presumption of reliance under the fraud on the market doctrine, first set forth in *Basic v. Levinson*, 485 U.S. 224 (1988)."

Sept. 16, 2008) (requests for admission which ask a party to admit the truth of legal conclusions are improper). The Court must decide each of the issues related to class certification. OTRS bears the burden to prove, by a preponderance of the evidence, that it has met each requirement. An attempt to do so by serving requests for admission on each requirement is entirely improper and should not be sustained.

OTRS's requests are similar to requests found improper by other federal courts. *See U.S. v. Five Thousand Two Hundred Dollars in U.S. Currency*, No. 08-11912, 2008 WL 4811000, at *2 n.3 (E.D. Mich. Oct. 31, 2008) ("[a]dmit that the defendant currency constitutes the proceeds of violations of Title 21 of the United States Code" and "[a]dmit that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6)" are improper); *Great N. Ins. Co. v. Altmans Prods. LLC*, No. 08-10395, 2008 WL 3852168, at *2 n.3 (E.D. Mich. Aug. 18, 2008) ("[t]he faucet was negligently and/or incorrectly installed" and "Precision Brass did not cause the subject incident" are improper); *Ransom v. U.S.*, 8 Cl. Ct. 646, 648 (Cl. Ct. 1985) ("[a]dmit that jurisdiction of the within claim is conferred on the United States Claims Court by Title 28 . . ." is improper).[4]

Similarly, while Requests 5 through 9, 11, 12, 15, and 16 may be "phrased to appear factual," they encroach on legal turf and reach the ultimate decision of the Court

---

[4] Moreover, while the requests for admission do not purport to address the ultimate legal conclusions of liability in this case, they seek ratification of legal conclusions necessary to the threshold, yet also ultimate, issue of class certification. The Court's decision on class certification will have greater impact on the case than any other decision, short of disposing of the case altogether. Thus, the issues OTRS seeks to have ratified are neither undisputed nor peripheral. *Lakehead Pipe Line Co.*, 177 F.R.D. at 458.

on class certification. *Dell, Inc.*, 2007 WL 128962, at *2. Rather than seek admissions that relate to the actual *application* of law to specific facts, OTRS's requests seek to have MoneyGram ratify legal conclusions that OTRS has attached to its general class allegations and not specific facts. *Lakehead Pipe Line*, 177 F.R.D. at 458 (finding requests for admission improper that sought "to have the Plaintiffs ratify what are, in essence, the legal conclusions that the Defendants have attached to the operative facts of the case"); *see also Xcel Energy, Inc. v. U.S.*, 237 F.R.D. 416, 422 (D. Minn. 2006) (acknowledging that a request that seeks an admission as to the legal effect of the requested fact to be admitted is of legitimate concern). For example, Request for Admission No. 15 is phrased to confirm that certain statements allegedly made by MoneyGram "contain material misrepresentations or omissions." Request No. 15 seeks admission of the ultimate issue in this case—and one that is in obvious dispute. The Federal Rules of Civil Procedure require no response to requests such as these.

The Court should therefore sustain MoneyGram's objections and deny OTRS's motion.

### B. In Any Event, MoneyGram Has Properly Denied the Requests for Admission.

MoneyGram has denied each of OTRS's requests for admission. Dissatisfaction with a denial is simply not a proper basis to bring a motion to determine the sufficiency of answers to requests for admission. *See Xcel Energy*, 237 F.R.D. at 422 ("[w]hile the Government's substantive response is not to Xcel's liking, the Government has not only denied the Requests, but has explained its denial. Nothing further is required"); s*ee also,*

6

*Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375–76 (S.D.N.Y. 1989) ("a request for admission can be admitted or denied without explanation, with an occasionally warranted qualification or explanation, for purposes of clarification, if desired"). MoneyGram's responses are proper under Rule 36. OTRS is simply dissatisfied with MoneyGram's refusal to admit that the requirements OTRS must prove in order to obtain class certification are satisfied. That OTRS believes that a class should be certified in this case or that the legal conclusions it must prove are "axiomatic" and "cannot be credibly denied" provides no basis to challenge MoneyGram's proper answers. (Pl.'s Mem. at 13.) OTRS also appears to believe that MoneyGram engaged in securities fraud, but a request for admission asking MoneyGram to admit that would clearly be improper. The requests at issue are equally objectionable.

## II.  MONEYGRAM'S OBJECTIONS TO OTRS'S INTERROGATORIES BASED ON IMPROPER REQUESTS FOR ADMISSION ARE PROPER.

MoneyGram cannot be required to respond to interrogatories that are based on improper requests for admission because, as discussed above, such requests for admission require no response. *Lakehead Pipe Line* is directly on point. In that case, the Court sustained objections to requests for admission and accompanying interrogatories which, like OTRS's requests, improperly sought legal conclusions. 177 F.R.D. at 458; *see also Ransom*, 8 Cl. Ct. at 648 (party was not ordered to respond to interrogatory asking for the bases for party's denial of improper request for admission which sought admission of legal conclusion). OTRS cites no authority to the contrary.

Nor can OTRS show it will be prejudiced. MoneyGram's November 20, 2009 memorandum of law and supporting papers will set forth MoneyGram's argument opposing class certification, including the factual and legal basis, well before OTRS's reply memorandum is due.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion.

Dated: September 29, 2009              **OPPENHEIMER WOLFF & DONNELLY LLP**

By: s/ Meghan M. Anzelc
| | |
|---|---|
| Michael J. Bleck | # 8862 |
| Bret A. Puls | # 305157 |
| Meghan M. Anzelc | #386534 |
| Dennis Hansen | #386734 |
| Mark Schneebeck | #348922 |

3300 Plaza VII Building
45 South Seventh Street
Minneapolis, MN  55402
Telephone:  (612) 607-7000
Facsimile:  (612) 607-7100

**ATTORNEYS FOR DEFENDANTS**