# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re MoneyGram International, Inc. Securities Litigation | ) ) ) ) ) ) ) ) ) ) ) | Consolidated Case No.: Civ. No. 08-883 (DSD/JJG) |

## ORDER PRELIMINARILY APPROVING SETTLEMENT, <u>DIRECTING NOTICE AND SCHEDULING HEARING DATE</u>

WHEREAS, a consolidated class action is pending before this Court entitled: *In re MoneyGram International, Inc., Securities Litigation*, Civil File No. 08-883 (DSD/JJG) (the "Action");

WHEREAS, on or about February 3, 2010, Lead Plaintiff, Oklahoma Teachers' Retirement System ("OTRS" or "Lead Plaintiff") and MoneyGram International, Inc. ("MoneyGram" or the "Company"), Phillip W. Milne, David J. Parrin, Jean Benson, William J. Putney, Douglas J. Rock, Monte E. Ford, Donald E. Kiernan, Othon Ruiz Montemayor, and Albert Teplin (such persons, collectively, the "Individual Defendants" and with MoneyGram, the "Defendants") reached an agreement in principle to settle the claims in the Action;

WHEREAS, the Parties executed a Stipulation and Agreement of Settlement dated March 9, 2010 (the "Stipulation");

WHEREAS, the Parties having presented the settlement of the Action to the Court for preliminary approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure, in accordance with the Stipulation; and

WHEREAS, the Stipulation, together with the exhibits thereto, set forth the terms and conditions for the proposed settlement (the "Settlement") of the claims alleged in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") on the merits and with prejudice as against all Defendants.

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation and good cause appearing therefor,

1

IT IS HEREBY ORDERED that:

1.      The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation unless otherwise defined herein.

2.      The Court hereby preliminarily certifies, for settlement purposes only, a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) consisting of:   All persons and entities who purchased or otherwise acquired MoneyGram Securities during the period between January 24, 2007 and March 25, 2008, inclusive (the "Class Period").  Excluded from the Settlement Class are:  (i) Defendants; (ii) all officers, directors, and partners of any Defendant and of any Defendant's partnerships, subsidiaries, or affiliates; (iii) Thomas H. Lee Partners, L.P., and any of its officers, directors, and partners, subsidiaries, affiliates, members, investors, or partnerships; (iv) Goldman Sachs & Co. and any of its officers, directors, and partners, subsidiaries, affiliates, members, or partnerships; (v) members of the immediate family of any of the foregoing excluded persons and entities; (vi) the legal representatives, heirs, successors, and assigns of any of the foregoing excluded persons and entities; (vii) any entity in which any of the foregoing excluded parties has or had a controlling interest.  Also excluded from the Class are any putative members of the Class who exclude themselves by timely requesting exclusion in accordance with the requirements set forth in the Notice.

3.      For purposes of effectuating the Settlement, Lead Plaintiff OTRS is appointed class representative and Lead Counsel Nix Patterson & Roach, LLP is appointed class counsel.

2

4.     The Court preliminarily finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied as: (a) the members of the Class are so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5.     Lead Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Stipulation, or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6.     The Court appoints Rust Consulting, Inc. ("Rust") as Claims Administrator to supervise and administer the notice and claims procedures in connection with the Settlement.  The Parties and their counsel shall not be liable for any act or omission of the Claims Administrator.

7.     The Court appoints Wells Fargo Bank, N.A. as the Escrow Agent. The Escrow Agent is authorized and directed to act in accordance with the Escrow Agreement.  The Parties and their counsel shall not be liable for any act or omission of the Escrow Agent.

8.     The Court preliminarily approves: (i) the Settlement of the Action as set forth in the Stipulation, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any member of the Class to challenge the fairness, reasonableness, and adequacy of the Settlement, Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

9.     Pursuant to Fed. R. Civ. P. Rule 23(e), a hearing (the "Fairness Hearing") shall be held on June 18, 2010, at 10:00 a.m., in the United States District Court for the District of Minnesota, the Honorable David S. Doty presiding, to:

a.     determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

b.     determine whether the Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against Defendants with prejudice, extinguishing and releasing all Settled Claims as set forth in the Stipulation and barring all claims as set forth in and subject to ¶ 5 of the Stipulation;

c.      determine whether the Class preliminarily certified for purposes of effectuating the Settlement should be finally certified pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

d.      determine whether to approve the Plan of Allocation;

e.      rule on Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, and any request of Lead Plaintiff for reimbursement of reasonable costs and expenses, as provided for in ¶ 10 of the Stipulation; and

f.      rule on such other matters as the Court may deem appropriate.

10.     The Court reserves the right to adjourn the Fairness Hearing or any aspect thereof, including the consideration of the application for attorneys' fees and reimbursement of expenses, without further notice of any kind to Class Members.

11.     The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modification as may be consented to by the Parties without further notice to the Class.

12.     The Claims Administrator shall make reasonable efforts to identify all persons who are members of the Class, including beneficial owners whose MoneyGram Securities are held by banks, brokerage firms, or other nominees.  MoneyGram shall provide to the Claims Administrator MoneyGram's shareholder lists, as it or its transfer agent may possess, as appropriate for providing notice to the Class, in a format designated by the Claims Administrator, if possible, for mailings, within three (3) calendar days following the Court's entry of this Order.

13.     Within fourteen (14) calendar days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms of Tabs 1 and 2 attached hereto, to be mailed by United States mail, postage pre-paid, to all reasonably ascertainable members of the Class, at their last known address appearing in the transfer records maintained by or on behalf of the Company (the "Notice Date").

14.     Pursuant to the Notice, each nominee who receives the Notice shall either: (1) send the Notice and Proof of Claim to Class Members for which they act as nominee by first class mail within ten (10) calendar days after the nominee receives the Notice; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice to all Class Members who are on the list received from the nominee within seven (7) calendar days.  The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing the Notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.  Lead Counsel shall file with the Court and serve upon counsel for Defendants no later than seven (7) calendar days prior to the Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

15. Within fourteen (14) calendar days of the Notice Date, Lead Counsel shall publish a Publication Notice, substantially in the form of Tab 3 attached hereto, once in *The Wall Street Journal* and once over the PR Newswire. Lead Counsel shall file with the Court and serve upon counsel for Defendants no later than seven (7) calendar days prior to the Fairness Hearing an affidavit or declaration stating that the Publication Notice has been published in accordance with the terms of this Order.

16. The form and method of notice specified herein is the best notice practicable, shall constitute due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 78u-4(a)(7).

17. Any member of the Class who timely and properly objects to the Settlement, the Plan of Allocation, Lead Counsel's application for attorneys' fees and reimbursement of expenses, and/or Lead Plaintiff's application for reimbursement of reasonable costs and expenses directly relating to their representation of the Class, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney at the Fairness Hearing and present evidence or argument that may be proper or relevant; provided, however, that no person or entity other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person or entity shall be considered by the Court unless, no later than fourteen (14) calendar days prior to the date of the Fairness Hearing, such person or entity files with the Court and serves upon counsel listed below: (i) a written notice of intention to appear containing the person or entity's name, address, telephone number, and signature; (ii) a statement of

7

such person or entity's objections to any matters before the Court; (iii) the grounds
therefor or the reasons that such person or entity desires to appear and be heard, as well
as all documents or writings such person or entity desires the Court to consider; and (iv)
the amount of MoneyGram common stock purchased, otherwise acquired, or sold during
the Class Period, the prices paid or received, the date of each transaction and the amount
or number of shares of MoneyGram common stock held as of the beginning of the Class
Period on January 24, 2007.   Such filings shall be served upon the Court and the
following counsel:

**Lead Counsel:**
Bradley E. Beckworth, Esq.
Jeffrey J. Angelovich, Esq.
Nix, Patterson & Roach, LLP
205 Linda Drive
Daingerfield, TX 75638

**Defense Counsel:**
Joseph S. Allerhand
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Michael Bleck
Oppenheimer Wolff & Donnelly LLP
Plaza VII Building, Suite 3300
45 South Seventh Street
Minneapolis, Minnesota 55402-1609

18.    Any person or entity falling within the definition of the Class may, upon
request, be excluded from the Settlement.   Any such person or entity must submit to the
Claims Administrator a request for exclusion ("Request for Exclusion") no later than
fourteen days prior to the date of Fairness Hearing.   A Request for Exclusion must be

signed by the person requesting exclusion and state:  (i) the name, address, and telephone

number of the person or entity requesting exclusion; (ii) the person or entity's purchases,

acquisitions and sales of MoneyGram common stock made during the Class Period, the

prices paid or received, the date of each transaction and the amount of MoneyGram

common stock held as of the beginning of the Class Period on January 24, 2007; and (iii)

that the person or entity wishes to be excluded from the Class.  Copies of all Requests for

Exclusion, including supporting documentation submitted therewith, that are received by

the Claims Administrator shall be delivered to Lead Counsel and Defense Counsel within

two (2) business days of receipt thereof.  All persons or entities who submit valid and

timely Requests for Exclusion in the manner set forth in this paragraph shall have no

rights under the Stipulation, shall not participate in the Settlement or otherwise be bound

by the terms of the Stipulation and shall not share in any distribution of the Settlement

Amount.

19.     Any Class Member who wishes to participate in the Settlement and receive

a distribution from the Net Settlement Fund created by the Settlement must submit a valid

and properly executed Proof of Claim to the Claims Administrator, at the address

indicated in the Notice, postmarked not later than one hundred and twenty (120) calendar

days following the Notice Date.  Such deadline may be further extended by Court order.

Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by

first class, or registered or certified mail, postage prepaid, addressed in accordance with

the instructions given in the Proof of Claim.  All other Proofs of Claim shall be deemed

to have been submitted at the time they are actually received by the Claims

9

Administrator.  To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Settled Claims as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct.  As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the effectuation of the Settlement reflected in the Stipulation) agree to and enter into the releases as provided in the Stipulation.  All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the releases provided for therein, and all of the terms of the Judgment, if entered, whether favorable or unfavorable, and will be barred from bringing any action against any Released Person (as defined in the Stipulation) concerning or relating to the Settled Claims, unless such persons or entities request exclusion from the Class in a timely and proper manner, as provided herein.

20.     If this Settlement is not approved by the Court or is terminated or otherwise does not become Final for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, class certification, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except that any obligations or provisions relating to payment of costs and expenses incurred in connection with notice

10

and claims administration and any other obligation or provision that is expressly designated in the Stipulation to survive termination of the Settlement shall survive termination of the Stipulation and Settlement.

21.     All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  Pending final approval of the Settlement, Lead Plaintiff and all members of the Class are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Plaintiffs' Claim against any of the Released Persons.

22.     The Stipulation, whether or not consummated, and the negotiations thereof and any related communications made, proceedings taken, or orders entered pursuant thereto:

(a)     shall not be offered or received against, or otherwise prejudice, any Released Person as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by any Released Person with respect to the truth of any fact alleged by any Class Member or Lead Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any other action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other action, or of any liability, negligence, fault, damage, or wrongdoing of or by any Released Person;

(b)       shall not be offered or received against, or otherwise prejudice, any Released Person as evidence of, or be construed as or deemed to be evidence of, any presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Person;

(c)       shall not be offered or received against, or otherwise prejudice, any Released Person as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing in any other civil, criminal or administrative, arbitral or other action or proceeding; provided, however, that if this Stipulation is approved by the Court, the Released Parties may offer or refer to it to effectuate its terms, including the releases granted them hereunder;

(d)       shall not be construed against, or otherwise prejudice any Released Person as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)       shall not be construed as or received in evidence as an admission, concession or presumption against, or otherwise prejudice, the Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Action would not have exceeded the Settlement Amount.

23.     Any Party making submissions to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of any application for an award of attorneys' fees and reimbursement of expenses or for reimbursement of costs and

expenses of Lead Plaintiff, shall do so by seven (7) calendar days before the date scheduled for the Fairness Hearing.

24.     The Court authorizes payment out of the Gross Settlement Fund of the notice and administrative expenses described in ¶ 9(b) of the Stipulation.

25.     The passage of title and ownership of the Gross Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved.  No person or entity that is not a Class Member or counsel for Lead Plaintiff shall have any right to any portion of, or in the distribution of, the Gross Settlement Fund or Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

26.     The Court further retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

27.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.


Dated:  March 10, 2010

                                        s/David S. Doty_____
                                        David S. Doty, Judge
                                        United States District Court