UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: MONEYGRAM INTERNATIONAL, INC. DERIVATIVE LITIGATION | ) ) ) ) | No. 09-cv-3208-DSD-JJG |

## ORDER PRELIMINARY APPROVING SETTLEMENT, APPROVING NOTICE AND SCHEDULING SETTLEMENT HEARING

WHEREAS Plaintiffs Frank L. Cornish, as Trustee of the Cornish Family Revocable Trust, and Evelyn York ("Plaintiffs"), Defendants Jean C. Benson, Monte E. Ford, Thomas M. Hagerty, Jess T. Hay, Judith K. Hofer, Scott L. Jaeckel, Donald E. Kiernan, Robert C. Krueger, Seth W. Lawry, Philip W. Milne, Orthón Ruiz-Montemayor, David J. Parrin, Pamela H. Patsley, William J. Putney, Ganesh Rao, Linda Johnson Rice, Douglas L. Rock, Anthony P. Ryan, Albert M. Teplin and Timothy R. Wallace ("Defendants") and Nominal Defendant MoneyGram International, Inc. ("MoneyGram") have determined to settle (the "Settlement") this stockholder derivative action (the "Litigation") on the terms stated in the Stipulation of Settlement dated March 31, 2010 (the "Stipulation"); and

WHEREAS the Court is familiar with and has reviewed the record in the Litigation and has reviewed the Stipulation, including the exhibits to the Stipulation, and found good cause for entering the following Order:

NOW, THEREFORE, this 1st day of April 2010, IT HEREBY IS ORDERED AS FOLLOWS:

1.  The Court preliminarily finds and concludes that the Settlement is within the range of reasonableness warranting preliminary approval and notice to Money-Gram stockholders and preliminarily approves the Settlement.

2. The Court will hold a settlement hearing (the "Settlement Hearing") at 10:00 a.m. on June 18, 2010 in Courtroom 14W in the United States District Court for the District of Minnesota, 300 South Fourth Street, 202 U.S. Courthouse, Minneapolis, MN 55415, for the following purposes:  (i) to determine whether the Settlement is fair, reasonable and adequate to MoneyGram and should be approved by the Court; (ii) to determine whether a Final Order and Judgment in the form attached as Exhibit B to the Stipulation (the "Final Order and Judgment") should be entered dismissing and releasing the Settled Claims (as that term is defined in the Stipulation) with prejudice, (iii) to rule upon an application by Co-Lead Counsel for Plaintiffs for an award of attorneys' fees and expenses ("the Fee and Expense Award"), and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

3. Notice of the Settlement shall be provided to holders of MoneyGram stock within ten (10) days of the date of entry of this Order by (i) the filing of a Form 8-K with the Securities and Exchange Commission (the "SEC") attaching a notice in the form attached as Exhibit C to the Stipulation (the "Notice"), (ii) posting the Stipulation and Notice on MoneyGram's website, www.moneygram.com, and (iii) issuing a press release via Business Wire announcing the settlement and directing attention to the Notice filed with the SEC on Form 8-K and posted on MoneyGram's website.  MoneyGram shall pay the costs of notice.  Prior to the Settlement Hearing, MoneyGram shall file proof, by affidavit or declaration, that notice was provided in the manner stated in this Paragraph.

4. The Court finds and concludes, with respect to both the form of notice (as attached as Exhibit C to the Stipulation) and the procedure used to provide notice (as stated in Paragraph 7 of the Stipulation and Paragraph 3 above) that the notice provided for in

5. The Settlement Hearing may be adjourned by the Court without notice to MoneyGram stockholders other than an announcement of the adjournment at the scheduled time of the Settlement Hearing or at the scheduled time of any adjournment of the Settlement Hearing.  The Court may consider modifications to the Settlement made with the consent of Plaintiffs, Defendants and MoneyGram without further notice to MoneyGram stockholders.

6. Any current MoneyGram stockholder may object to the Settlement and/or the Fee and Expense Award or otherwise request to be heard in person or by counsel concerning any matter properly before the Court at the Settlement Hearing, provided, however, that the stockholder complies with the requirements stated in this Paragraph.  Any objection, statement or request to be heard at the Settlement Hearing must be in writing and must be filed with the Clerk of the Court and, unless filed electronically pursuant to the Court's e-filing rules and requirements, must be delivered by hand, or overnight delivery service or first class postage pre-paid mail to the counsel identified in the Notice, and must be received by the Court and the counsel identified in the Notice no later than 25 days prior to the date set in this Order for the Settlement Hearing.  Any objection, statement or request to be heard at the Settlement Hearing must be signed and include the following information: (i) the person's or entity's name, address, telephone number and e-mail address, (ii) all dates on which the person or entity purchased or otherwise acquired and/or sold shares of

MoneyGram common stock since January 1, 2007, (iii) a detailed statement of the basis for the person's or entity's objection to or comments concerning the Settlement, the Fee and Expense Award or other matter before the Court, and (iv) all supporting papers, including all documents and writings that the person or entity wants the Court to consider.  By objecting to the Settlement and/or the Fees and Expense Award or otherwise requesting to be heard at the Settlement Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court, including any order the Court issues with respect to the person or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to discovery concerning the subject matter of the objection or request to be heard and enforcement of the terms of the Settlement, including, but not limited to, the releases provided for in the Final Order and Judgment.

7. Any MoneyGram stockholder who does not object to the Settlement or the Fee and Expense Award or who does not otherwise request to be heard at the Settlement Hearing in the manner required by this Order shall be deemed to have waived his, her or its right to object to the Settlement and the Fee and Expense Award or otherwise be heard concerning these subjects, and shall forever be barred from objecting to the Settlement, the Fee and Expense Award, or from otherwise being heard concerning these subjects in this or any other proceeding.

8. All papers in support of the Settlement and the Fee and Expense Award shall be filed and served seven days before the Settlement Hearing.

9. Pending the Settlement Hearing, the Court stays all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.

10. Pending the Settlement Hearing, the Court enjoins all MoneyGram stockholders (or anyone else purporting to act on behalf of MoneyGram or anyone purporting to act on behalf of any MoneyGram stockholder or stockholders) from commencing, prosecuting, continuing or otherwise participating in, either directly or indirectly, any action or proceeding asserting any of the Settled Claims (as defined in the Stipulation), in this or any other forum, including but not limited to the action pending in the Superior Court of the State of California, Los Angeles County, with the caption <u>Berney</u> v. <u>MoneyGram International, Inc.</u>, No. BC 384089.

11. Whether or not the Final Order and Judgment is approved by the Court, and whether or not the Effective Date of the Settlement occurs, and thus whether or not the Settlement becomes effective in accordance with the terms of the Stipulation, the fact and terms of this Order, the Stipulation and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of (i) any acts of wrongdoing or lack of wrongdoing, (ii) any liability on the part of Defendants or anyone else, (iii) any deficiency of any claim or defense that has been or could have been asserted in the Litigation, (iv) any damages, or lack of damages, suffered by MoneyGram, or (v) that the Settlement represents the outcome that could or would have resulted if the Litigation was not settled at this point in time.

12. Whether or not the Final Order and Judgment is approved by the Court, and whether or not the Effective Date of the Settlement occurs, and thus whether or not the Settlement becomes effective in accordance with the terms of the Stipulation, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and the Settlement, including, but not limited to, the Final Order and Judgment, and the releases provided for in the Final Order and Judgment.  MoneyGram, Defendants and other Released Persons (as defined in the Stipulation) may file the Stipulation and this Order in any other action or proceeding in any forum in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. In the event that the Effective Date (as defined in the Stipulation) of the Settlement does not occur for any reason and the Settlement thus fails to become effective in accordance with the terms stated in the Stipulation:

(a) Plaintiffs, Defendants and MoneyGram will return to the positions they occupied vis-à-vis each other and in the Litigation on February 24, 2010, without prejudice in any way, except as stated in Paragraph 14 of the Stipulation; and

(b) This Order and the Settlement shall be null and void and have no further force or effect, and shall not be referred to, admissible in or introduced in any

other way except as stated in Paragraphs 14(c) and 16 of the Stipulation and Paragraph 12 of this Order.

SO ORDERED:

s/David S. Doty
David S. Doty, Judge
United States District Court