# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| In re MoneyGram International, Inc. Securities Litigation | ) ) ) ) ) ) ) ) ) ) ) | Consolidated Case No.:  Civ. No. 08-883 (DSD/JJG) |

## <u>FINAL ORDER AND JUDGMENT</u>

WHEREAS, on March 9, 2010, Lead Plaintiff, on behalf of itself and the Class, on the one hand**,** and MoneyGram International, Inc. ("MoneyGram" or the "Company"), William J. Putney, Jean C. Benson, Philip W. Milne, David J. Parrin, Douglas L. Rock, Donald E. Kiernan, Othón Ruiz Montemayor, Albert M. Teplin, and Monte E. Ford (collectively, the "Defendants"), on the other hand, executed a Stipulation and Agreement of Settlement (the "Stipulation") that would resolve the above-captioned action (the "Action") for payment of $80,000,000 on behalf of the Released Persons (the "Settlement").

WHEREAS, this Court preliminarily approved the Settlement by Order of the Court dated March 10, 2010 (Docket No. 159);

WHEREAS, after a hearing before this Court on the 18th day of June, 2010 (the "Fairness Hearing"), to (i) determine whether the Settlement should be approved by the Court as fair, reasonable and adequate; (ii) determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Actions against Defendants with prejudice and extinguishing and releasing all Settled Claims (as defined therein) against all Released Persons; (iii) determine whether the Class should be finally certified for settlement purposes pursuant to Federal Rules of Civil Procedure 23(a)(1-4) and (b)(3); (iv) rule on Lead Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses and Lead Plaintiff's application for reimbursement of expenses; and (v) rule on such other matters as the Court may deem appropriate.

The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court, for purposes of this Final Order and Judgment (the "Judgment") adopts all defined terms as set forth in the Stipulation, and incorporates them herein by reference as if fully set forth.

2.     The Court has jurisdiction over the subject matter of the Action and the Parties, including Lead Plaintiff and all Class Members.

3.     The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:  the number of Class Members is so numerous that joinder of all Class Members is impracticable; there are questions of law and fact common to the Class; the claims of Lead Plaintiff are typical of

2

the claims of the Class they seek to represent; Lead Plaintiff and Lead Counsel have at all times fairly and adequately represented the interests of the Class; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:   (a) the interests of the Class Members in individually controlling the prosecution or of separate actions, (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum, (d) and  the difficulties likely to be encountered in the management of a class action.

4.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court has certified, for settlement purposes only, a Class that shall consist of all persons and entities who purchased or otherwise acquired MoneyGram Securities during the Class Period (January 24, 2007 through March 25, 2008).   Excluded from the Class are: (i) Defendants; (ii) all officers, directors, and partners of any Defendant and of any Defendant's partnerships, subsidiaries, or affiliates; (iii) Thomas H. Lee Partners, L.P., and any of its officers, directors, and partners, subsidiaries, affiliates, members, investors, or partnerships; (iv) Goldman Sachs & Co. and any of its officers, directors, and partners, subsidiaries, affiliates, members, or partnerships; (v) members of the immediate family of any of the foregoing excluded persons and entities; (vi) the legal representatives, heirs, successors, and assigns of any of the foregoing excluded persons and entities; (vii) any entity in which any of the foregoing excluded persons and entities has or had a controlling interest.  Also excluded from the Class are any putative members of the Class

who excluded themselves by timely requesting exclusion in accordance with the requirements set forth in the Notice, as listed on Exhibit 1 annexed hereto.

5.     The Notice, the Publication Notice and the notice methodology implemented pursuant to the Stipulation and the Court's orders (i) constituted the best notice practicable under the circumstances to all persons within the definition of the Class, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Stipulation, including releases, of their right to object to the proposed Settlement, of their right to exclude themselves from the Class, and of their right to appear at the Fairness Hearing, (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Rules of the Court and any other applicable law.

6.     Pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure, the Settlement, including, without limitation, the Settlement Amount, the releases set forth therein, and the dismissal with prejudice of the Settled Claims against the Released Persons set forth therein, is finally approved as fair, reasonable and adequate.   The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the Stipulation, and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

7.      The Action and the Complaint and all claims included therein, as well as all of the Settled Claims (defined in the Stipulation and in Paragraph 8(c) below), which the Court finds was filed against Defendants on a good faith basis by Lead Plaintiff and Lead Counsel in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, are dismissed with prejudice as to Lead Plaintiff and all other members of the Class, and as against each and all of the Released Persons (defined in the Stipulation and in Paragraph 8(a) below). Regardless of whether or not a member of the Class receives any distributions from the Settlement, or executes and delivers the Proof of Claim provided for in the Stipulation, each and all Class Members who have not validly and timely requested exclusion, on behalf of themselves and their respective predecessors, successors and assigns, are hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the Released Persons from the Settled Claims.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8.      As used in this Judgment, the terms "Released Persons," "Related Persons," "Settled Claims," "Settled Defendants' Claims," and "Unknown Claims" shall have the meanings set forth below:

a.      "Released Persons" means MoneyGram, the Individual Defendants, the Carriers, and the Related Persons;

b.      "Related Persons" means each of MoneyGram's or an Individual Defendant's past or present directors, officers, employees, partners (general or limited), principals, members, managing members, insurers and co-

insurers (including but not limited to the Carriers), re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, divisions, joint ventures, assigns, spouses, heirs, executors, parents, subsidiaries, affiliates (including the offices and directors of such parents, subsidiaries, and affiliates), any entity in which MoneyGram or an Individual Defendant has a controlling interest, any member of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any member of an Individual Defendant's immediate family.

c.      "Settled Claims" means Settled Defendants' Claims and Settled Plaintiffs' Claims.

d.      "Settled Defendants' Claims" means and includes any and all claims (including Unknown Claims, as defined below), debts, demands, controversies, obligations, losses, costs, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or

unliquidated, at law or in equity, matured or unmatured, that have been or could have been asserted in the Action or any forum by the Released Persons against any of the Lead Plaintiff, Lead Counsel, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action.  Notwithstanding the foregoing, or any other provision contained in this Stipulation, Settled Defendants' Claims shall not include any claims to enforce the Settlement, including, without limitation, any of the terms of this Stipulation or of any orders or judgments issued by the Court in connection with the Settlement.

e.      "Settled Plaintiffs' Claims" means and includes any and all claims (including Unknown Claims), rights, debts, demands, controversies, obligations, losses, costs, suits, matters, issues, or causes of action (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), under federal, state, local, foreign law, or any other law, rule, or regulation, whether known or unknown, that were, could have been, or could in the future be asserted against the Released Persons, as defined above, by Plaintiffs in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, arising out of, related to, based upon, in whole

or in part, directly or indirectly, in any way, to the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, compensation practices or procedures, omissions or failures to act or to disclose which were or which could have been alleged or described in this Class Action by Plaintiffs. The Settled Plaintiffs' Claims include, but are not limited to, any and all claims related to or arising out of the Company's public filings, press releases or other public statements or disseminations, the Company's accounting for and valuation of the securities held in its investment portfolio, the Company's finances, accounting practices or procedures generally, and any direct claims for breach of fiduciary duty, insider trading, misappropriation of information, failure to disclose, omission or failures to act, abuse of control, breach of MoneyGram's policies or procedures, waste, mismanagement, gross mismanagement, unjust enrichment, misrepresentation, fraud, breach of contract, unfair business practices and unfair competition, negligence, breach of duty of care or any other duty, violations of law, money damages, injunctive relief, corrective disclosure, damages penalties, disgorgement, restitution, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liability whatsoever, whether based on federal, state, local, foreign, statutory, common law, or any other law, rule or regulation, whether fixed

8

or contingent, accrued or un-accrued, liquidated or unliquidated, at law or inequity, matured or un-matured, including both known claims and Unknown Claims that were or that could have been alleged in the Consolidated Amended Complaint in this Action.  Settled Plaintiffs' Claims shall not include:

> (i)     any claims to enforce the Settlement, including, without limitation, any of the terms of this Stipulation or of any orders or judgments issued by the Court in connection with the Settlement;

> (ii)    any claims asserted by persons who exclude themselves from the Class by timely requesting exclusion in accordance with the requirements set forth in the Notice;  or

> (iii)   any claims, rights or causes of action that have been or could have been asserted on behalf of MoneyGram in the purported Derivative Actions or by individuals pursuant to ERISA.

f.       "Unknown Claims" means any and all claims that the Lead Plaintiff or any Class Member does not know or suspect to exist and any and all claims that MoneyGram or any Individual Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of, as applicable, the Released Persons, Lead Plaintiff, and Class Members, or might have affected his, her or its decision to object or not to object to this Settlement.  The parties may

9

hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but the parties shall expressly, fully, finally and forever settle and release, and the Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment the parties shall have fully, finally, and forever settled and released any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Accordingly, with respect to any and all Settled Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, waived all provisions, rights and benefits of California Civil Code § 1542 and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or foreign law which is similar, comparable or equivalent to California Civil Code § 1542. California Civil Code § 1542 provides:

10

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties expressly acknowledge, and the Class Members shall be deemed to have, and by operation of the Judgment shall have acknowledged, that the waiver and release of Unknown Claims constituting Settled Claims was separately bargained for and a material element of the Settlement.

9.      In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of the claims or allegations of the Action or any Settled Claim (i) by any person or entity against any of the Released Persons, and (ii) by any of the Released Persons against any person or entity other than a person or entity whose liability has been extinguished by the settlement of the Released Person, are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

10.      Any Class Member receiving notice of the Notice, or having actual knowledge of the Notice, or having actual knowledge of sufficient facts that would cause such person to be charged with constructive notice of the Notice and who did not properly request to be excluded from the Class in accordance with the process set forth in the Notice, is permanently barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting any Settled Plaintiffs' Claims against the Released Persons, or from receiving any benefits or other relief from, any other lawsuit, arbitration

11

or other proceeding or order in any jurisdiction that is based upon any Settled Plaintiffs'
Claims.

11.     Lead Plaintiff and all Class Members on behalf of themselves, their
personal representatives, heirs, executors, administrators, trustees, successors and assigns,
with respect to each and every Settled Plaintiffs' Claim, release and forever discharge,
and are forever barred, enjoined, and restrained from commencing, prosecuting,
continuing, or asserting any and all Settled Plaintiffs' Claims against any of the Released
Persons, and shall not institute, continue, maintain or assert, either directly or indirectly,
whether in the United States or elsewhere, on their own behalf or in a representative
capacity on behalf of any class or any other person or entity, any action, suit, cause of
action, claim or demand against any Released Person or any other person who may claim
any form of contribution or indemnity from any Released Person in respect of any Settled
Plaintiffs Claim.

12.     The Defendants, on behalf of themselves, their personal
representatives, heirs, executors, administrators, trustees, successors and assigns, release
and forever discharge each and every one of the Settled Defendants' Claims, and are
forever enjoined from prosecuting the Settled Defendants' Claims against Lead Plaintiffs,
all Class Members and their respective counsel

13.     Notwithstanding ¶¶ 11-12 herein, nothing in this Judgment shall bar
any action or claim by any of the Parties or the Released Persons to enforce or effectuate
the terms of the Stipulation or this Judgment.

14.     Only those Class Members filing valid and timely Proofs of Claim shall be entitled to receive any distributions from the Settlement. The Proofs of Claims to be executed by the Class Members shall contain a release whereby all Released Persons will be released from all Settled Plaintiffs' Claims. The Proof of Claim shall be substantially in the form and content of Tab 2 of the Order for Notice and Hearing.

15.     This Judgment and the Stipulation, including any provisions contained in the Stipulation, any negotiations, statements, or proceedings in connection therewith, or any action undertaken pursuant thereto:

a.      shall not be offered or received against, or otherwise prejudice, any Released Person as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Persons with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any other action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other action, or of any liability, negligence, fault, damage, or wrongdoing of or by any Released Person;

b.      shall not be offered or received against, or otherwise prejudice, any Released Person as evidence of or be construed as or deemed to be evidence of, any presumption, concession or admission of any fault, misrepresentation or

omission with respect to any statement or written document approved or made by any Released Person;

c.      shall not be offered or received against, or otherwise prejudice, any Released Person as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing in any other civil, criminal or administrative, arbitral or action or proceeding; provided, however, that the Released Persons may offer or refer to the Stipulation to effectuate the terms of the Stipulation, including the releases granted them thereunder, and may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

d.      shall not be construed against, or otherwise prejudice, any Released Person as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

14

e.     shall not be construed as or received in evidence as an admission, concession or presumption against the Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Action would not have exceeded the Settlement Amount.

16.     The Court hereby appoints Rust Consulting, Inc. as Claims Administrator and Wells Fargo Bank, N.A. as Escrow Agent.

17.     The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation.

18.     The Court finds that all Parties and their counsel have complied with each requirement of the PSLRA and Rules 11 and 37 of the Federal Rules of Civil Procedure as to all proceedings herein and that Lead Plaintiff and Lead Counsel at all times acted in the best interests of the Class and had a good faith basis to bring, maintain and prosecute this Action as to each Defendant in accordance with the PSLRA and Federal Rule of Civil Procedure 11.  The Court further finds that Lead Plaintiff and Lead Counsel adequately represented the Class Members for entering into and implementing the Settlement.

19.     Only those Class Members who submit valid and timely Proofs of Claim shall be entitled to receive a distribution from the Net Settlement Fund.  The Proof

of Claim to be executed by the Class Members shall further release all Settled Claims against the Released Persons.  All Class Members shall be bound by all of the terms of the Stipulation and this Judgment, including the releases set forth herein, whether or not they submit a valid and timely Proof of Claim, and shall be barred from bringing any action against any of the Released Persons concerning the Settled Claims.

20.    No Class Member shall have any claim against Lead Counsel, the Claims Administrator, or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court.

21.    Neither the Defendants, nor their counsel, shall have any responsibility for, interest in, or liability whatsoever with respect to: (a) the provisions of the Notice, locating Class Members, soliciting Settlement claims or claims administration; (b) the design, administration or implementation of the Plan of Allocation; (c) the determination or administration of taxes; (d) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (e) the management, investment or distribution of the Gross Settlement Fund and/or the Net Settlement Fund; (f) the Plan of Allocation; (g) the determination, administration, calculation or payment of claims asserted against the Gross Settlement Fund and/or the Net Settlement Fund; (h) the administration of the Escrow Account; (i) any losses suffered by, or fluctuations in the value of, the Gross Settlement Fund and/or the Net Settlement Fund; or (j) the payment or withholding of

16

any Taxes, expenses and/or costs incurred in connection with the taxation of the Gross Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns; or (k) any expenses, costs, or losses incurred in connection with any of the above.

22.     No Class Member shall have any claim against the Defendants, Defense counsel, or any of the Released Persons with respect to: (a) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Gross Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of claims asserted against the Gross Settlement Fund and/or the Net Settlement Fund; (e) the administration of the Escrow Account; (f) any losses suffered by, or fluctuations in the value of, the Gross Settlement Fund and/or the Net Settlement Fund; or (g) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Gross Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

23.     Any order approving or modifying the Plan of Allocation set forth in the Notice, or the application by Lead Counsel for an award of attorneys' fees and reimbursement of expenses or any request of Lead Plaintiff for reimbursement of reasonable costs and expenses shall not disturb or affect the Finality of this Judgment, the Stipulation or the Settlement contained therein.

24.     The Notice stated that Lead Counsel would move for attorneys' fees not to exceed 25% of the Gross Settlement Fund and reimbursement of expenses from the

Gross Settlement Fund in a total amount not to exceed $650,000. However, in their Motion for Final Approval, Lead Counsel only requested attorney's fees of 24.8% of the Settlement Fund and $579,426.79 for reimbursement of expenses. Furthermore, on June 9, 2010, Lead Counsel filed a Report with the Court (Docket No. 180) stating that it was modifying its fee request to $19,000,000.00, or 23.75% of the Settlement Fund.

25.     Lead Counsel is hereby awarded a total of $579,426.79 in reimbursement of expenses. Lead Counsel is hereby awarded attorneys' fees in the amount of $19,000,000.00 of the Settlement Fund, which sum represents 23.75% of the Settlement Fund, and which sum the Court finds to be fair and reasonable. The foregoing awards of fees and expenses shall be paid to Lead Counsel from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulation, with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund. The appointment and distribution among Lead Counsel of any award of attorneys' fees shall be within Lead Counsel's sole discretion.

26.     Lead Plaintiff is hereby awarded $10,000.00 for its costs and expenses directly relating to the representation of the Class, which the Court finds is fair and reasonable and allowed by 15 U.S.C. § 78u-4(a)(4), plus accrued interest, which sum the Court finds to be fair and reasonable. The foregoing awards of costs and expenses shall be paid to Lead Plaintiff from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulation, with interest from the

date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund.

27.   In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

      a.    the Settlement has created a fund of $80,000,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement;

      b.  Over 73,000 copies of the Notice were disseminated to putative Class Members stating that Lead Counsel were moving for attorneys' fees not to exceed 25% of the Gross Settlement Fund and reimbursement of expenses from the Gross Settlement Fund in a total amount not to exceed $650,000;

      c.  No Class Member filed an objection to the Settlement, Notice, Reimbursement to Lead Plaintiff, Plan of Allocation or Lead Plaintiff's Counsel's request for Reimbursement of Expenses;

      d.  One (1) potential Class Member filed objections to the request for an award of attorney's fees and the mechanism by which any undistributed proceeds might be donated to a

19

charity; the objections were filed on June 4, 2010, on behalf of the Steven D. & Yuki Emmet, M.D., Inc. Pension PSP Trust Dated 10/01/84 (Docket No. 178); that objection was withdrawn and no consideration of any type was paid or offered to be paid to objector or its counsel (Docket No. 181); the Court hereby grants the withdrawal of the objection;

e.  Lead Counsel has conducted the litigation and achieved the Settlement in good faith and with skill, perseverance and diligent advocacy;

f.  The Action involves complex factual and legal issues and was actively prosecuted for nearly two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

g.  Had Lead Counsel not achieved the Settlement there would remain a significant risk that the Lead Plaintiff and the Class may have recovered less or nothing from the Defendants;

h.  Lead Counsel has advanced in excess of the requested $650,000.00 in costs and expenses to fund the litigation of this Action; and

i.  The amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund are fair and

reasonable under all of the circumstances and consistent with awards in similar cases.

28.     Without affecting the Finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiff, the Class, and the Released Persons for purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (b) hearing and determining any application by Lead Counsel for an award of attorneys' fees, costs, and expenses and/or reimbursement to Lead Plaintiff, if such determinations were not made at the Fairness Hearing; (c) supervising the distribution of the Gross Settlement Fund and/or the Net Settlement Fund; and (d) resolving any dispute regarding a party's right to terminate pursuant to the terms of the Stipulation.

29.     In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Stipulation for any reason whatsoever, then this Judgment shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Stipulation, including Lead Counsel and Lead Plaintiff's obligations to return any awards by the Court, and the parties shall return to their positions as provided for in the Settlement.

30.     In the event that, prior to the Effective Date, Lead Plaintiff or MoneyGram institutes any legal action against the other to enforce any provision of the Stipulation or this Judgment or to declare rights or obligations thereunder, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties

reasonable attorneys' fees and costs incurred in connection with any such action.  The

Individual Defendants shall have no obligation under this paragraph.

      31.    There is no reason for delay in the entry of this Judgment and

immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of

the Federal Rules of Civil Procedure.

      Signed this the 18th day of June, 2010.


      It is so ORDERED.




                      s/ David S. Doty
                      David S. Doty
                      United States District Judge