UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-883(DSD/JJG)

_____

In re MoneyGram International, Inc.           **ORDER**
Securities Litigation

_____

This matter is before the court upon the motion to withdraw the request for exclusion and to rejoin the MoneyGram class (motion to rejoin) by movants Bernzott Opt-Outs (BCA Opt Outs). Based on a review of the file, record and proceedings herein, the court denies the motion.

**BACKGROUND**

In this consolidated securities class action, lead plaintiff Oklahoma Teachers' Retirement System asserted claims against defendants MoneyGram International, Inc., William J. Putney, Jean C. Benson, Philip W. Milne, David J. Parrin, Douglas L. Rock, Donald B. Kiernan, Othón Ruiz Montemayor, Albert M. Teplin, and Monte E. Ford (collectively, defendants). The parties agreed to settle the action pursuant to a Settlement Agreement and Stipulation (Settlement). On March 10, 2010, the court granted preliminary approval of the Settlement and preliminary certification of a Class consisting of persons and entities who acquired MoneyGram securities between January 24, 2007 and March 25, 2008. Notice sent to putative class members allowed them to

request exclusion. On June 4, 2010, Bernzott Capital Advisors (BCA) timely requested exclusion on behalf of its clients, 319 individuals or entities who were putative Class members. See Miarmi Decl. Exs. A, B. BCA itself does not meet the criteria for inclusion in the Class.

The court held a fairness hearing on June 18, 2010, and approved the Settlement as to a certified Class, which did not include those who requested exclusion. Order 2-3, ECF No. 184. The court also:

> reserve[d] exclusive and continuing jurisdiction over the Action, the Lead Plaintiff, the Class, and the Released Persons for purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (b) hearing and determining any application by Lead Counsel for an award of attorneys' fees, costs, and expenses and/or reimbursement to Lead Plaintiff, if such determinations were not made at the Fairness Hearing; (c) supervising the distribution of the Gross Settlement Fund and/or the Net Settlement Fund; and (d) resolving any dispute regarding a party's right to terminate pursuant to the terms of the Stipulation.

Id. at 21. Judgment was entered on June 24, 2010, and the order approving the Settlement became final on July 26, 2010.

Even though the BCA Opt Outs had excluded themselves, on July 22, 2010, BCA sent claims to the claims administrator on behalf of the BCA Opt Outs. Miarmi Decl. ¶ 8; id. Ex. D. BCA also began to negotiate with defendants, alleging that it had a claim of its own "for the loss of fee income it sustained as a result of the decrease in value of its assets under management due to the drop in

2

the price of MoneyGram shares in which BCA invested on behalf of the [BCA] Opt[]Outs." Miarmi Decl. ¶ 6.  On November 16, 2010, BCA and defendants entered into an Agreement of Settlement, Compromise and Release (BCA Agreement), under which defendants agreed to pay BCA $250,000 in exchange for release of BCA's potential claim and the withdrawal of the BCA Opt Outs' request for exclusion. <u>Id.</u> Ex. E, at 3.  The BCA Agreement is conditioned upon the BCA Opt Outs rejoining the Class and becoming part of the Settlement. <u>Id.</u> at 8.

Thereafter, the BCA Opt Outs moved to withdraw their request for exclusion and to rejoin the Class.  On January 28, 2011, the court heard argument from class counsel, defendants and the BCA Opt Outs.  The court now considers the motion.

## DISCUSSION

The Eighth Circuit has suggested that a court may allow persons to withdraw requests for exclusion from a class. <u>Cf.</u> <u>Snell v. Allianz Life Ins. Co. of N. Am.</u>, 327 F.3d 665, 670 (8th Cir. 2003) ("Although no term provided for opting back into the class after properly opting out, the only reasonable interpretation would require a writing to opt back into the class.").  In this case, the court retained jurisdiction over the Settlement. <u>See</u> Order 21. The court did not expressly retain jurisdiction over persons no longer part of the Class, however, the Federal Rules of Civil Procedure provide authority to consider the motion to rejoin. <u>See</u>

3

Fed. R. Civ. P. 60(b)(6) (court may relieve party from final judgment for any reason that justifies relief).

Rule 23 of the Federal Rules of Civil Procedure favors final, efficient dispositions of class action litigation. Clear schedules and deadlines allow Rule 23 actions to proceed without undue repetition or complication. Adherence to Rule 23 creates reliable and predictable outcomes so that parties may plan and negotiate accordingly. See In re WorldCom, Inc. Sec. Litig., 237 F.R.D. 541, 544 (S.D.N.Y. 2006).

In general, courts will grant requests to rejoin only after considering (1) possible prejudice to the class and (2) the potential for abuse of Rule 23. See In re Elec. Weld Steel Tubing Antitrust Litig., No. 79-4628, 1982 WL 1873, at *3 (E.D. Pa. June 30, 1982) (finding no prejudice and insufficient facts to show abuse); see also In re Urethane Antitrust Litig., No. 04-MD-1616, 2008 WL 5215980, at *3 (D. Kan. Dec. 12, 2008) (allowing party to rejoin with consent of class counsel and defendant).

The BCA Opt Outs first argue that allowing them to rejoin the Class will not prejudice the Class because distribution has not occurred, the BCA Opt-outs stand to gain only $1.4 million of the $80 million settlement and they seek no more than the amount they would have received had they not requested exclusion. The court agrees that the Class members did not have a specific expectation about the individual value of the award at the time they chose to

remain in the Class, because they did not know how many putative members would opt out. Once the exclusion deadline passed, however, the fairness hearing was conducted for the Class as it then existed, which did not include the BCA Opt Outs. Moreover, the court has a duty to oversee the settlement to ensure fairness to the Class. A pro rata settlement value attached once the deadline for exclusion passed. The court must ensure that the interests of the Class are not diminished. In this case, the court finds that expanding the Class could prejudice the existing Class members, and this factor weighs slightly against allowing the BCA Opt Outs to rejoin the Class.

The BCA Opt Outs next argue that there is no evidence of use of Rule 23 to gain leverage for a separate settlement. The record belies this argument. After BCA excluded its clients from the Class, it negotiated release of its potential claim against defendants in exchange for $250,000 and withdrawal of the BCA Opt Outs' request for exclusion from the Class. Miarmi Decl. Ex. E, at 3-6. The BCA Agreement links the BCA claim with those of its clients, and it is contingent upon the BCA Opt Outs rejoining the Class. Id. at 7. As a result, the face of the BCA Agreement suggests that BCA used the BCA Opt Outs as leverage to negotiate a settlement for itself. The BCA Opt Outs do not explain why they excluded themselves with no apparent motivation to do so. In short, there is evidence that BCA and the BCA Opt Outs attempted to

subvert Rule 23. Therefore, this factor weighs strongly against allowing the BCA Opt Outs to rejoin the Class.

The BCA Opt Outs also argue that allowing them to withdraw their exclusion would further the goal of finality and avoid redundant litigation. The court agrees. However, these goals are not absolute: Rule 23 allows persons to exclude themselves and pursue individual litigation. The BCA Opt Outs chose to do so. A person joins — and withdraws from — a class settlements at his peril. The BCA Opt Outs were represented by experienced, sophisticated counsel when they excluded themselves. Therefore, this factor is neutral or weighs very slightly in favor of allowing the BCA Opt Outs to rejoin the Class.

Balancing the possible prejudice to the Class, possible abuse of Rule 23 and the need for finality, the court determines that the factors weigh against allowing the BCA Opt Outs to rejoin the Class. Allowing potential class members to jump in and out of an action furthers uncertainty and derails the orderly process of Rule 23. Therefore, the court finds that allowing the BCA Opt Outs to rejoin the Class is not warranted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the motion to withdraw the request for exclusion and rejoin the Class [ECF No. 192] is denied.

Dated:  March 9, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court
